IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| AMBROSE J. McMURPHY, III and<br>LORI McMURPHY | §<br>§<br>§ | PLAINTIFFS |
| V. | § | Civil No. 1:09CV51-HSO-RHW |
| STATE FARM FIRE AND<br>CASUALTY COMPANY, *et al.* | §<br>§<br>§ | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND, DISMISSING DEFENDANT TIM CHADICK, AND DENYING AS MOOT DEFENDANT TIM CHADICK'S MOTION TO DISMISS

This cause comes before the Court upon the Motions to Dismiss [6] of Defendant Tim Chadick, filed January 22, 2009, and to Remand [11] of Plaintiffs Ambrose J. McMurphy, III, and Lori McMurphy, filed March 18, 2009. Plaintiffs' Motion, which was filed in Response to Chadick's Motion to Dismiss, seeks remand of this case to the Circuit Court of Harrison County, Mississippi, Second Judicial District. Defendant State Farm Fire and Casualty Company ["State Farm Fire"] has filed a Response [14] to Plaintiffs' Motion to Remand, and Plaintiffs a Rebuttal [18]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Plaintiffs' Motion to Remand should be denied, that Chadick should be dismissed as improperly joined, and that Chadick's Motion to Dismiss should be denied as moot.

I. FACTS AND PROCEDURAL HISTORY

Plaintiffs filed their Complaint in the Circuit Court of Harrison County, Mississippi, Second Judicial District, on August 26, 2008. *See* Compl. Plaintiffs named State Farm Fire, State Farm Ins. Cos., Chadick, and John Does I-X and

Jane Does I-X as Defendants. *See id.* Plaintiffs stated that they were adult resident citizens of Mississippi. *See id.* at ¶1. They asserted that State Farm Fire and State Farm Ins. Cos. were insurance companies doing business in the State of Mississippi, and that Chadick was an adult resident citizen of Mississippi. *See id.* at ¶2.[1] In its Notice of Removal, State Farm Fire states that it is an Illinois corporation with its principal place of business in Illinois, and that State Farm Ins. Co. is a trademark name that has been improperly named in this action. *See* Notice of Removal, at p. 2. State Farm Fire does not dispute that Chadick is a Mississippi citizen. *See id.* at p. 2. From the face of the pleadings, there was not complete diversity of citizenship between the parties when this case was removed.

Plaintiffs assert claims for (1) breach of contract; (2) waiver and estoppel; (3) negligence, gross negligence, and failure to investigate; (4) aiding and abetting negligence, gross negligence, and failure to investigate; (5) tortious, bad faith, and continuing breach of contract; (6) fraudulent claims practices; and (7) fraud and fraudulent inducement. *See* Compl., at pp. 9-16. State Farm Fire maintains that Chadick was not been served as of the date of the removal and that Chadick's citizenship should be disregarded for purposes of determining whether this Court has jurisdiction, on grounds that he was fraudulently joined to defeat diversity. *See* Notice of Removal, at pp. 2-3.

---

[1] Plaintiffs also stated that John Does I-X and Jane Does I-X were resident citizens of Mississippi. However, for diversity purposes, the citizenship of defendants sued under fictitious names shall be disregarded. *See* 28 U.S.C. § 1441(a).

## II. DISCUSSION

A. Standard of Review

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different States...."

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *See Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy*, 855 F.2d at 1164). The party or parties seeking removal, State Farm Fire in this case, bear the burden of establishing federal jurisdiction over the state court suit. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

State Farm Fire also bears the burden of demonstrating fraudulent or improper joinder. This burden is a heavy one. *See Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder can be established by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to

3

establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). Here, there is no allegation or evidence of fraud in pleading jurisdictional facts, so the Court will focus on the second method of establishing improper joinder. Under this method,

> [t]he court determines whether that party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This possibility, however, must be reasonable, not merely theoretical.

*Travis*, 326 F.3d at 648.

"[T]he threshold question for [the Court] is whether 'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (*quoting Smallwood*, 385 F.3d at 573). If a court finds, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder and hence no basis for asserting diversity of citizenship jurisdiction." *See Jabour v. Life Ins. Co. of North America*, 362 F. Supp. 2d 736, 740 (S.D. Miss. 2005) (*quoting Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

B.  <u>Plaintiffs' Motion to Remand</u>

Plaintiffs argue that diversity jurisdiction is lacking, *see* Pls.' Mot. to Remand, at pp. 2-3, and that removal was improper because State Farm Fire did

4

not timely obtain Chadick's consent to the removal, *see id.*, at pp. 4-5.

1. Diversity Jurisdiction

The parties do not dispute that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. *See* 28 U.S.C. § 1332(a). The question presented is whether there is complete diversity of citizenship. *See id.* The determinative issue is whether Chadick was fraudulently joined to defeat this Court's diversity jurisdiction.

    a. Breach of Contract

As an agent for a disclosed principal, Chadick can incur no contractual liability to Plaintiffs absent fraud or other equivalent conduct. *See Jabour v. Life Ins. Co. of North America*, 362 F. Supp. 2d 736, 740-41 (S.D. Miss. 2005). The record contains insufficient evidence of fraud by Chadick. Chadick was not a party to the insurance contract between Plaintiffs and State Farm Fire. Under well-established Mississippi law, he is not liable under the contract for the payment of benefits. *See Jenkins v. Farmington Cas. Co.*, 979 F. Supp. 454, 457 (S.D. Miss. 1997) (*citing Patton v. Aetna Ins. Co.*, 595 F. Supp. 533 (N.D. Miss. 1984)). Plaintiffs therefore have no possibility of recovery against Chadick on their breach of contract claim.

    b. Waiver and Estoppel

Plaintiffs contend that Defendants have waived their right to exclude coverage under their insurance policy for any part of the loss to their property. *See* Compl., at p. 12. Plaintiffs' waiver and estoppel claims are clearly rooted in their

insurance contract with State Farm Fire. As stated earlier, because Chadick was not a party to the insurance contract, he is not liable under the contract for payment of benefits. *See Jenkins*, 979 F. Supp. at 457 (*citing Patton*, 595 F. Supp. at 533). Plaintiffs have no possibility of recovery against Chadick for these claims.

    c. <u>Negligence, Gross Negligence, and Failure to Investigate</u>

These allegations stem from Plaintiffs' contentions that Defendants were negligent or grossly negligent in their investigation of Plaintiffs' claim, and in their failure to pay Plaintiffs' covered losses in a reasonable time. *See* Compl., at pp. 13-14. Though Plaintiffs make a blanket allegation against "Defendants," there is no evidence or allegation that Chadick participated in the investigation or adjustment of Plaintiffs' claim. Rather, Plaintiffs' allegations against Chadick stem from the purchase of their insurance policy.

Even if the Court construes this claim as one of agent negligence, the Court is mindful that "under Mississippi law, insurance agents and adjusters, while not liable for ordinary negligence in performing their duties on behalf of the insurers, can 'incur independent liability when [their] conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured.'"[2] *Jenkins v. Farmington Cas. Co.,* 979 F. Supp. 454, 457 (S.D. Miss.1997) (*quoting Bass v. California Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss. 1991)). Plaintiffs have not provided sufficient support for any allegation that Chadick performed any role in the investigation of

---

[2] This standard is applicable "to the tort-contract hybrid cause of action for bad faith handling/denial of insurance claims" and is applicable here. *See Williams v. Henson*, 42 F. Supp. 2d 628, 630 (N.D. Miss. 1999).

6

their claim or was otherwise involved in the decision to deny benefits. Nor have Plaintiffs adequately demonstrated "that [Chadick] committed any act in the claims evaluation or otherwise which would constitute 'gross negligence, malice, or reckless disregard of the rights of the insured.'" *Id*.

To the extent Plaintiffs are alleging negligence in the procurement of their insurance, this claim is premised upon alleged representations made by Chadick in connection with the sale and purchase of the policy. S*ee* Compl., at pp. 4-5. Pursuant to section 15-1-49 of the Mississippi Code, these claims are subject to a three year limitations period. *See* MISS. CODE ANN. § 15-1-49.

For misrepresentation claims, this Court has found that "[t]he appropriate inquiry for determining the commencement of the limitations period centers on whether the alleged tortious conduct occurs at the formation of the insurance agreement or at a later time." *Poole v. Colonial Life & Accident Ins. Co.*, No. 1:06cv712, 2007 WL 4287534, at * 4 (S.D. Miss. 2007) (*citing Agnew v. Washington Mutual Finance Group*, 244 F. Supp. 2d 672, 676 (N.D. Miss. 2003)). "Where the alleged misconduct occurs during contract formation, the limitations period begins to run upon the purchase of the policy," absent tolling by fraudulent concealment or the discovery rule. *Id*. (*citing Agnew*, 244 F. Supp. 2d at 676); *see also Brumfield v. Pioneer Credit Co.*, 291 F. Supp. 2d 462, 471 n.6 (S.D. Miss. 2003). In actions tolled by the discovery rule or fraudulent concealment, "the statute of limitations commences to run …at the time the fraud is discovered, or at such time as the fraudulent concealment 'with reasonable diligence might have been first known or

7

discovered.'" *Brumfield*, 291 F. Supp. 2d at 469 (*quoting Rainwater v. Lamar Life Ins. Co.*, 207 F. Supp. 2d 561, 568 (S.D. Miss. 2002)).

Under Mississippi law, however, "a party to a contract is obligated to read the contract before signing it, and cannot be heard to complain of an oral misrepresentation which would have been disclosed by reading the contract." *Agnew*, 244 F. Supp. 2d at 676. "Where the terms of a contract are made available to a contracting party, any reliance on alleged misrepresentations of those terms, is, as a matter of law, unreasonable." *Rainwater,* 207 F. Supp. 2d at 567; *see also Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 439-40 (5th Cir. 2007). The statute of limitations on a claim will not be tolled under such circumstances. *See Agnew,* 244 F. Supp. 2d at 676; *see also Leonard,* 499 F.3d at 440-41 (refusing to toll the statute of limitations on plaintiff's misrepresentation claim where the policy terms were unambiguous); *Brumfield*, 291 F. Supp. 2d at 468-69.

To the extent that Plaintiffs base their claims against Chadick upon representations which allegedly occurred during the procurement of the subject insurance policy, these are barred by the applicable statute of limitations. *See* Compl. pp. 4-5. The policy was last renewed before the storm on April 14, 2005, and Plaintiffs' Complaint was not filed until August 26, 2008. *See* Renewal Certificate, attached as Ex. "A" to Compl. There is no indication that any of the facts forming the basis of Plaintiffs' claims against Chadick occurred subsequent to the policy's purchase, and Plaintiffs have not submitted evidence that the terms of the policy were otherwise unavailable to them. Furthermore, to establish a claim of fraudulent

8

concealment, Plaintiffs must show that Chadick took some "action, affirmative in nature which was designed or intended to prevent and which did prevent, the discovery of the facts giving rise to the ... claim[s]." *Agnew*, 291 F. Supp. 2d at 469 (*quoting Davidson v. Rogers*, 431 So. 2d 483, 485 (Miss. 1983)). Plaintiffs have presented neither factual averments nor evidence that would give rise to a claim of fraudulent concealment against Chadick.

Based upon the foregoing, Plaintiffs' claims against Chadick are not tolled, and the statute of limitations began to run no later than April 14, 2005, when the policy was last renewed before Hurricane Katrina. *See* Renewal Certificate, attached as Ex. "A" to Pls.' Compl. Because Plaintiffs' Complaint was not filed until August 2008, Plaintiffs' claims against Chadick are time-barred.

        d.    <u>Aiding and Abetting Negligence, Gross Negligence, and Failure to Investigate</u>

Plaintiffs have not pointed to any authority supporting recovery under a civil aiding and abetting claim under Mississippi law. However, this Court has previously predicted that a civil aiding and abetting fraud theory is viable under Mississippi law. *See Dale v. Ala Acquisitions, Inc.*, 203 F. Supp. 2d 694, 700 (S.D. Miss. 2002). Nevertheless, as discussed in subsection (c) above, Plaintiffs have not provided sufficient support for any allegation that Chadick performed any role in the investigation of their claim or was otherwise involved in the decision to deny benefits. As such, Plaintiffs have no possibility of recovery against Chadick for aiding and abetting.

e.  Tortious, Bad Faith, and Continuing Breach of Contract

As stated earlier, Chadick is not liable under the contract for payment of benefits. *See Jenkins*, 979 F. Supp. at 457 (*citing Patton*, 595 F. Supp. at 533). Because Chadick was not a party to the contract, he also had no implied duty of good faith and fair dealing as to the performance of the contract. He cannot be held liable under a bad faith theory. *See Jabour*, 362 F. Supp. 2d at 741.

f.  Fraudulent Claims Practices

Plaintiffs allege that, after Hurricane Katrina,

> Defendants in effect re-wrote their policies and claims procedures for "substantial damage" or total destruction cases where the property was contacted by storm surge during the Hurricane, and embarked on an intentional course of pre-litigation and post-litigation conduct, fraudulently concealed from Plaintiffs and others, deliberately designed to deny legitimate claims under the Defendants's contracts and Mississippi law.

Compl., at p. 16.

Plaintiffs further state that

> [t]he scheme included post-Katrina modification of its coverage provisions, and employment by Defendants of improper or absent engineering procedures, which were fraudulently concealed from the Plaintiffs and other property-and-homeowners who were expecting and relying on good faith handling of their claims by Defendants.

*Id.*

These assertions are directed to State Farm Fire. The record contains insufficient evidence of fraud by Chadick or of his participation in claims handling.

g.  Fraud and Fraudulent Inducement

Plaintiffs contend that, at the time Defendants sold them the policy,

10

Defendants made express and implied representations that Plaintiffs were purchasing coverage for hurricanes, that State Farm Fire would adjust and pay such claims in a fair and timely manner, and that State Farm Fire would not deny coverage for an accidental physical loss in absence of reasonable proof that the loss was caused by an excluded loss, as set forth in the "losses not insured" section of the policy. *See* Compl., at pp. 17-18. The portion of this claim directed at Chadick pertains to alleged representations he made at the time he sold Plaintiffs their policy. As discussed in subsection (c), Plaintiffs' misrepresentation claims against Chadick are time-barred.

Based on the foregoing, Plaintiffs have no possibility of recovery against Chadick, and State Farm Fire has met its burden of proof in establishing improper joinder. *See Jabour v. Life Ins. Co. of North America*, 362 F. Supp. 2d 736, 740 (S.D. Miss. 2005).

    2.    <u>Defects in Removal Procedure</u>

        a.    <u>Chadick</u>

In addition to the purported absence of subject matter jurisdiction, Plaintiffs point to procedural defects in the removal. They contend that Chadick did not consent to removal, and that this case was improperly removed with an in-state Defendant. *See* Mot. to Remand, at pp. 4-6; Am. Rebuttal, at pp. 4-5; *see also Denman by Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998) (stating that the presence of an in-state defendant is a procedural defect); *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992) (holding that removal petition was procedurally

defective because the consent of all defendants was not obtained).

The Notice of Removal [1] was filed on January 12, 2009, and Plaintiffs' Motion to Remand [11] was not filed until March 18, 2009.  Because Plaintiffs did not raise these procedural defects within thirty days after the filing of the Notice of Removal, they have waived these objections.  *See* 28 U.S.C. § 1446(c); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 457-58 (5th Cir. 1998) (stating that any objection to removal, other than lack of subject matter jurisdiction, is procedural and waived after thirty days).

Moreover, "[a] fraudulently joined defendant need not join in or consent to the removal since only 'defendants who are properly joined and served must join in the removal [notice].'" *Williams v. Henson*, 42 F. Supp. 2d 628, 632 n.8 (N.D. Miss. 1999) (*quoting Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988)); *see also Brumfield v. Pioneer Credit Co.*, 291 F. Supp. 2d 462, 471 n.6 (S.D. Miss. 2003) (stating that "[a] fraudulently joined defendant is not required to join in the notice of removal.").  State Farm Fire's Notice of Removal states that Chadick had not been served when this case was removed, and Plaintiffs have not rebutted this statement.  Chadick's prior consent to removal was not required under the facts of this case.  *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988).

   b. <u>Waiver</u>

Plaintiffs contend that State Farm Fire has waived its right to remove this case to federal court.  *See* Am. Rebuttal, at pp. 3-4.  They maintain that State Farm

Fire waived removal by purportedly entering into two mediation agreements with the State of Mississippi Insurance Department, and by entering into a forum selection clause through these mediation agreements whereby it manifested its intent to submit to the jurisdiction of the State of Mississippi. *See id.* Plaintiffs' Amended Rebuttal [18] and their Affidavit of Counsel [16] state that the two mediation agreements are attached as Exhibits "2-A" to "2-D" thereto. These agreements were not attached to these pleadings.[3]

In *McKnight v. Illinois Central Railroad*, 967 F. Supp. 182 (E.D. La. 1997), the United States District Court for the Eastern District of Louisiana held that

> [t]he right to remove a case to federal court may be waived by acts taken in the state court, *subsequent to the creation of the right to remove*, that indicate the defendant has invoked the jurisdiction. . . . Also a defendant will be deemed to have waived the right of the removal where the removal is, in essence, an appeal from an adverse ruling of the state court.... As a general rule, the right of removal is not lost by action in the state court *short of proceeding to an adjudication on the merits.*

*McKnight*, 967 F. Supp. at 186 (emphasis added) (internal quotations and citations omitted).

In this case, the actions by which State Farm Fire purportedly waived its

---

[3] Exhibits "A" through "D" are attached to the Affidavit of Counsel [16]. Exhibit "A" appears to be a statement of questions and answers regarding George Dale's adoption of an emergency regulation regarding the handling of residential property insurance claims arising out of Hurricane Katrina, which was apparently drafted in or before 2006. This Exhibit states that "[t]he emergency regulation gives you the right to attend a mediation conference with your insurer in an effort to settle any dispute you have with your insurer about your claim." *See* Ex. "A" at p. 1. "You" is presumably the insured. Exhibit "B" is a press release from the Mississippi Insurance Department dated March 6, 2007, entitled "DALE REACHES AGREEMENT WITH STATE FARM TO REOPEN COASTAL SLAB CASES." Exhibit "C" is an article dated April 12, 2007, apparently from State Farm Insurance's website, entitled "Reevaluation of Mississippi Coastal Claims Agreement," regarding State Farm Fire's agreement with the Mississippi Insurance Department to reevaulate claims for wind damage by policyholders. Exhibit "D" is apparently another page from State Farm Insurance's website entitled "Agreement with Mississippi Insurance Department," regarding the reevaluation of claims for wind damage. There is no date provided with respect to this page.

right to remove occurred in 2006 and 2007, before this lawsuit was filed. It is unclear how participation in a mediation program before the present lawsuit was filed, and thus before the right to remove existed, could constitute a waiver of State Farm's right to remove. *See McKnight*, 967 F. Supp. at 186.

Plaintiffs also quote a purported forum selection clause from the agreements. In Exhibit "A," in response to the question "Who will be the mediators?", the form states in part that "[m]ediators will be selected by the Administrator from a panel of mediators approved pursuant to the Mississippi Court Annexed Mediation Rules For Civil Litigation, as adopted by the Mississippi Supreme Court on October 2, 1998." Ex. "A," at p. 2. The Court is not persuaded that this constitutes a waiver of State Farm Fire's right to remove this case to federal court. *See Newby v. State Farm Mutual Auto. Ins. Co.*, No. 1:09cv92-LG-RHW, 2009 WL 1364819, *2 (S.D. Miss. May 14, 2009) (holding that "there is no merit in Plaintiffs' argument that State Farm has waived its right to removal because State Farm and the Mississippi Insurance Commissioner have agreed that State Farm will reevaluate claims for wind damage by policyholders with property in Harrison, Hancock and Jackson counties."). "[W]aiver is 'the intentional relinquishment or abandonment of a known right.'" *Tedford v. Warner-Lambert*, 327 F.3d 423, 428 n.15 (5th Cir. 2003) (*quoting In re Al Copeland Enters., Inc.*, 153 F.3d 268, 271 (5th Cir. 1998)). "A waiver of the right to remove must be clear and unequivocal; the right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *Id.* at 428 (internal citations omitted).

### III. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Remand must be denied, and Chadick must be dismissed from this case as improperly joined. Chadick's Motion to Dismiss will be denied as moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiffs' Motion to Remand [11] the above styled and numbered cause to state court, filed March 18, 2009, should be, and is, hereby **DENIED**, and that Plaintiffs' claims against Defendant Tim Chadick are hereby **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Defendant Tim Chadick's Motion to Dismiss [6], filed January 22, 2009, should be, and is, hereby **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED,** this the 20th day of July, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE